IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KAWAMI JOHNSON,  )
 )
    Petitioner,  )
 )
v.  ) CASE NO. CV416-130
 ) CR410-095
UNITED STATES OF AMERICA,  )
 )
    Respondent.  )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 2), to which objections have been filed (Doc. 4). After careful de novo review of the record in this case, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Petitioner's 28 U.S.C. § 2255 motion is **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner contends that he no longer qualifies as a career offender under the United States Sentencing Guidelines based on the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). (Doc. 4.) In that decision, the Court held that the Armed Career Criminal Act's residual clause was so

vague as to violate due process. This Court sentenced Petitioner under a version of the Sentencing Guidelines that included an identically worded residual clause. Petitioner argues that that the residual clause in the Sentencing Guidelines is likewise vague based on Johnson. (Doc. 4.) As a result, he argues that he no longer qualifies as a career offender. (Doc. 1 at 9.) However, that is not the case. Beckles v. United States, ___ U.S. ___, 2017 WL 855781 (Mar. 6, 2017). In Beckles, the Supreme Court concluded that the residual clause in the Sentencing Guidelines was not subject to a due process vagueness challenge. Accordingly, Beckles forecloses Petitioner's argument.

SO ORDERED this 15th day of March 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA